IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2009

**STATE OF TENNESSEE v. JEFFREY THOMAS PARDUE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-A-420      Steve Dozier, Judge**

---

**No. M2009-01163-CCA-R3-CD - Filed November 4, 2010**

---

Appellant, Jeffrey Thomas Pardue, was indicted by the Davidson County Grand Jury for burglary of a motor vehicle and theft of property valued at more than $1,000. A jury found Appellant guilty of both charges. The trial court sentenced Appellant to two years for burglary and three years for theft, and the sentences were ordered to be served concurrently. The trial court suspended the sentences and placed Appellant on probation. Appellant was also ordered to receive alcohol treatment and pay restitution in the amount of $1,184. After the denial of a motion for new trial, Appellant filed a timely notice of appeal. On appeal, Appellant argues that the evidence was insufficient to sustain the convictions. After a review of the record, we determine that the evidence was sufficient to support the convictions for burglary of a vehicle and theft of property valued at more than $1,000. Consequently, the judgments of the trial court are affirmed.

**Tenn. R. App. P. Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. McMULLEN, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Jeffrey Thomas Pardue.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jennifer McMillen, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

## I. Background

On Tuesday, August 29, 2006, Robert Vance Pounders, the owner of a plumbing, heating, and air conditioning repair and installation business, located at 939 Woodland Street in Nashville, was notified that a gate behind one of his buildings was left open. When Mr. Pounders reviewed the security tapes, he became aware that approximately $5,700 in hand and power tools had been stolen from a company vehicle. According to Mr. Pounders, the videotape showed a man grabbing a briefcase full of tools from a vehicle. The man then backed a pick-up truck into the fenced in area and took more tools.

Mr. Pounders called the police. Then Mr. Pounders watched the videotape several more times with his employee John Davidson. After watching the videotape, Mr. Pounders was able to discern that the pick-up truck involved in the incident was painted a flat black color and had a blue truck bed. The driver of the truck was wearing blue jeans, a flannel shirt, and a ball cap.

Approximately four or five hours later, Mr. Pounders and Mr. Davidson were standing outside in front of the office when they noticed a pick-up truck that looked like the one in the videotape drive by and pull into a construction site across the street. Mr. Pounders and Mr. Davidson got into a vehicle and followed the truck when it left the site across the street. They followed the truck to a bank parking lot. The driver of the truck pulled up beside them and asked why he was being followed. The man was wearing blue jeans, a flannel shirt, and a ball cap. Mr. Pounders informed the man that security videotapes showed him stealing tools from his property. The driver of the truck sped off.

Mr. Pounders was able to get the license plate number on the truck. He turned that information over to police who were able to verify that the license plate was registered to Appellant, who lived in Dickson County. The police department prepared a photographic lineup, and Mr. Pounders was able to identify Appellant as the driver of the truck.

After the denial of a motion for new trial, Appellant filed a timely notice of appeal. On appeal, Appellant challenges the sufficiency of the evidence to support the convictions.

## II. Analysis

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in a light most favorable to the prosecution in determining whether a rational trier of fact could have found all the essential elements of the crime beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced on appeal with a presumption of guilt. *State v. Black*, 815 S.W.2d 166, 175 (Tenn. 1991). The defendant has the burden of overcoming this presumption, and the State is entitled to the strongest legitimate view of the evidence along with all reasonable inferences which may be drawn from that evidence. *Id*.; *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The jury is presumed to have resolved all conflicts and drawn any reasonable inferences in favor of the State. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984). Questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this Court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

To sustain the defendant's conviction for burglary of a motor vehicle in this case, the State was required to prove that the defendant, without the owner's consent, entered a motor vehicle with the intent to commit a theft. T.C.A. § 39-14-402(a)(4). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." T.C.A. § 39-14-103. Therefore, to obtain a theft conviction, the State must establish "(1) the defendant knowingly obtained or exercised control over property; (2) the defendant did not have the owner's effective consent; and (3) the defendant intended to deprive the owner of the property." *State v. Amanns*, 2 S.W.3d 241, 244-45 (Tenn. Crim. App. 1999).

The evidence, viewed in a light most favorable to the State, shows that both Mr. Pounders and Mr. Davidson viewed the videotape that showed Appellant entering a vehicle owned by Mr. Pounders. Appellant removed approximately $5,700 worth of tools from the vehicle and placed them in a distinctively painted pick-up truck. Mr. Pounders later witnessed the same truck driving past the entrance to his business to pull into a nearby construction site. Mr. Pounders and Mr. Davidson followed the truck to a nearby parking lot. When informed by Mr. Pounders that there was a videotape showing Appellant stealing tools, Appellant promptly sped away in his pick-up truck. They got the license plate number of the truck and were both able to recognize Appellant as the person on the videotape by his flannel shirt and ball cap. The license plate was registered to Appellant. Further, Mr. Pounders picked Appellant out of a photographic lineup as the perpetrator. The identification of a defendant as the perpetrator is a question of fact for the jury. *State v. Lindsey*, 208 S.W.3d 432, 444 (Tenn. Crim. App. 2006). "The credible testimony of one identification witness is sufficient to support a conviction if the witness viewed the accused under such circumstances as would permit a positive identification to be made." *Id*. (*citing*

*State v. Radley*, 29 S.W.3d 532, 536 (Tenn. Crim. App. 1999). Moreover, as stated previously, questions concerning the credibility of witnesses, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this Court. *Bland*, 958 S.W.2d at 659. In this case, the jury obviously resolved any identification issues in favor of the State. The evidence was sufficient to support the convictions. Appellant is not entitled to relief on this issue.

## CONCLUSION

After a thorough review of the record, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE